-IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09-CV-199-MR-DCK

| | |
|---|---|
| PETER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| YANCEY COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss" (Document No. 2) filed by Defendants. After the Court entered a *Roseboro* order, the *pro se* Plaintiff filed a brief opposing the motion. The case was thereafter reassigned, and this motion has now been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Having fully considered the record, including the pleadings, the parties' briefs (Document No. 2, 3, 5, 6), and applicable authority, the undersigned recommends that the motion be **granted**, based upon the following proposed findings of fact and conclusions of law:

## I. Background

Peter Franklin ("Plaintiff" or "Franklin") was discharged from his employment at the Yancey County Department of Social Services ("Yancey County DSS") on February 12, 2008. (Document No. 1, ¶ 20). Plaintiff indicates the stated reasons for his discharge were his "not becoming current" with his caseload and taking "vacation without having leave approved." (*Id*. ¶ 20). After leaving, he retained copies of various documents, including "DSS Form 4263" (Worker Daily Report of Services to Clients), which reflected his work for the agency and showed that supervisory staff had

signed off on the work. (*Id*. ¶ 25). Plaintiff alleges these were "employee copies" and were his personal property. He also alleges that he possessed "employee memos that had been prepared by" the Director of Yancey County DSS (Alice Elkins) and her staff, and that "Elkins sent him a letter ordering that the copies of DSS Form 4263 be turned over to the agency." (*Id*., ¶¶ 25-26).

On March 31, 2008, Elkins sent a Burnsville Police Department officer to Franklin's home to request that he return the documents. (*Id*. ¶ 31). Plaintiff insisted the documents were his personal property and refused to return them. On April 22, 2008, Yancey County Magistrate Judge B.G. Hensley issued an arrest warrant for Franklin on charges of "Larceny by an Employee." (*Id*. ¶ 34 & Exh. A). The warrant listed Burnsville Police Department Officer R.J. Shuford as the complainant and Elkins as a witness. After the warrant was issued, a Burnsville Police Department Officer showed Franklin the warrant. (*Id*. ¶ 34). The officer indicated that Franklin would not be arrested if he returned the documents in his possession. Franklin gave the officer "the forms" and was not arrested. (*Id*. ¶ 37-38).[1] Plaintiff alleges that in December 2008, the Yancey County Commissioners and the Yancey Common Times newspaper indicated that he had been the subject of a criminal investigation. (*Id*. ¶¶ 40-43).

On April 22, 2009, Franklin filed a complaint in the Superior Court of Yancey County, North Carolina. The Complaint named four Defendants, specifically, Yancey County, Yancey County DSS, Alice Elkins, individually and in her capacity as Director of Yancey County DSS, and Debbie McKinney in her capacity as a supervisor at Yancey County DSS. On May 23, 2009, the Defendants removed this case to federal court.

In his 23-page Complaint, the *pro se* Plaintiff alleges that Elkins initiated criminal charges

---

[1] It is unclear whether Franklin also turned over the memoranda prepared by Elkins.

against him "without probable cause" by participating in the issuance of a warrant for his arrest on the charge of "Larceny by an Employee." (Document No. 1, ¶¶ 48, 50). He complains that Elkins and McKinney engaged in a conspiracy to interfere with his constitutional rights. (*Id*. ¶ 60). He asserts claims of civil conspiracy, intentional and negligent infliction of emotional distress, malicious prosecution, abuse of process, and violation of 42 U.S.C. § 1983. (*Id*. ¶¶ 47-80).

## II. Issues Before the Court

Defendants move for dismissal of the state law claims pursuant to Rule 12(b)(6). Specifically, they assert that the Complaint fails to allege sufficient facts to establish the necessary elements of the state claims of abuse of process, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants also assert that the Complaint fails to state any claims, including civil conspiracy, against Defendant McKinney. Defendants contend that probable cause existed for the arrest warrant, and moreover, the warrant was mooted by Plaintiff's compromise, i.e. his decision to turn over the documents. As Defendants do not raise any issues in their motion to dismiss regarding Plaintiff's remaining claim under 42 U.S.C. § 1983, the undersigned has not addressed any § 1983 issues.

## III. Analysis

### A. Standard of Review, Civil Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, the United States Supreme Court recently emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* – U.S. – , 129 S.Ct. 1937, 1954 (2009). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 564-65, 570 (2008); *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990)).

The Plaintiff is proceeding *pro se*, and the Court will construe his pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal,* 129 S.Ct. at 1954. A pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. For purposes of a motion to dismiss, the Court must take all well-pleaded factual allegations in the complaint as true, but need not accept as true "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (explaining that a court need not accept as true legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments).

### B. The Allegations Against Defendant McKinney

Defendants point out that Franklin acknowledges in his response that the only claim he is raising against McKinney is "civil conspiracy." (See Document No. 5, p. 3). To state a claim for civil conspiracy under North Carolina state law, a complaint must allege that there was "a wrongful act resulting in injury to another committed by one or more of the conspirators pursuant to the common scheme and in furtherance of the objective." *Tag to Print 2State ex rel. Cooper v. Ridgeway*

*Brands Mfg., LLC*, 362 N.C. 431 (2008); *and see, Privette v. University of North Carolina*, 96 N.C. App. 124, 139 (1989); *Henry v. Deen*, 310 N.C. 75, 87 (1984) (citing *Muse v. Morrison*, 234 N.C. 195, 198 (1951)).

The *only* factual allegations in the Complaint against McKinney are found at paragraph 31 ("the police officer, advised Plaintiff that Defendant McKinney had spoken with a magistrate in order to determine if criminal charges could be brought against Plaintiff") and paragraph 39 ("The Yancey County Commissioners, acting on information given to them by either Defendants Elkins or McKinney had issued a press release that damaged Plaintiff in that it alleged Plaintiff had been the subject of a criminal investigation."). The allegation at ¶ 31 is entirely innocuous and merely indicates via hearsay that McKinney exercised appropriate caution in first inquiring about an appropriate legal basis before proceeding. Plaintiff's allegation at ¶ 39 is phrased in the disjunctive and is essentially speculative. Even taking these allegations as true, and giving Plaintiff the benefit of all reasonable inferences, the Complaint fails to set forth sufficient facts to state a claim against McKinney for civil conspiracy (or any other claim).

"Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Giacomelli*, 2009 WL 4348830, *4 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1202, at 88 (3d ed. 2004). Plaintiff's Complaint fails to allege that there was an agreement between the defendants to commit the alleged wrongful overt acts against him. Since the Complaint fails to allege adequate facts to state any sort of claim against Defendant McKinney, dismissal of this party from this action is appropriate.

Moreover, "a naked claim of civil conspiracy cannot be brought independent of properly-alleged claims for the underlying wrongdoing, making such claim subject to dismissal if the underlying claims for wrongful conduct are dismissed." *Suntrust Mortg., Inc. v. Busby*, --- F.Supp.2d ----, 2009 WL 2713187 (W.D.N.C.2009) *(citing Precision Components, Inc. v. C.W. Bearing U.S.A., Inc.*, 630 F.Supp.2d 635 (W.D.N.C. 2008) (Reidinger, J.); *S.N.R. Management Corp. v. Danube Partners 141, LLC* 659 S.E.2d 442, 449 (N.C. App. 2008). Here, there are no underlying claims against McKinney.

It should also be pointed out that Plaintiff is suing McKinney "in her capacity as a supervisor at Yancey County DSS." Under North Carolina law, a municipality generally cannot be a party to a conspiracy. *Houpe v. City of Statesville*, 128 N.C.App. 334, 351-52 (1998); 18 Eugene McQuillin, The Law of Municipal Corporations § 53.13 at 222 (West 2007). A municipality's employees cannot be sued in their official capacities for conspiracy, as that would amount to a claim that the municipality itself has conspired. *Id.*; *Iglesias v. Wolford*, 539 F.Supp.2d 831, 835 -836 (E.D.N.C. 2008) (dismissing claim of civil conspiracy because "under North Carolina law, a municipality ordinarily cannot be a party to a conspiracy, and a municipality's employees therefore cannot be sued [for civil conspiracy] in their official capacities"); *Turner v. Randolph County*, 912 F.Supp. 182, 186 (M.D.N.C. 1995) (dismissing conspiracy claim because "all of the named defendants are agents of Randolph County and it is not possible for Randolph County to conspire with itself").

### C. The Abuse of Process Claim

The Complaint also alleges claims of abuse of process and malicious prosecution. Under North Carolina law, the essential elements of a claim for abuse of process are: (1) a prior proceeding was initiated by defendant to achieve an ulterior motive or purpose; and (2) once that proceeding was

initiated, some willful act not proper in the regular prosecution of the proceeding was committed. *See Semones v. Southern Bell Tel. and Tel. Co.*, 106 N.C. App. 334, 341, *disc. rev. denied*, 332 N.C. 346 (1992); *Melton v. Rickman*, 225 N.C. 700, 703 (1945). A claim for "abuse of process" entails the misuse of process, subsequent to its issuance, to secure an improper objective not contemplated by the process, rather than merely the issuance of process with a malicious motive and without probable cause. *Fowle v. Fowle*, 263 N.C. 724, 727 (St.Ct. N.C. 1965); *Manufacturers & Jobbers Finance Corp. v. Lane,* 221 N.C. 189, 19 S.E.2d 849, 853 (1942). "The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued." *Barnette v. Woody*, 242 N.C. 424, 431 (Sup. Ct. N.C. 1955).

The Defendants point out that "the gravamen of a cause of action for abuse of process is the improper use of the process after it has been issued." *Kwan-Sa You v. Roe*, 97 N.C. App. 1, 18 (1990); see also, *Fox v. Barrett*, 90 N.C. App. 135, 138 (1988). Nowhere in Plaintiff's complaint is there any allegation of misuse of process subsequent to the issuance of process. Hence, the allegations of the Complaint fail to set forth an actionable claim for abuse of process. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1954.

### D. & E. The Malicious Prosecution Claim, Compromise by Franklin

The North Carolina Supreme Court has held repeatedly that the only remedy available for the wrongful initiation of process is malicious prosecution. Whenever a party simply alleges, as Franklin does, that process was initiated with an ulterior or malicious motive, the claim should be construed as an attempt to allege "malicious prosecution." *See, e.g.,Fowle*, 263 N.C. at 727;

*Barnette,* 242 N.C. at 431.

Under North Carolina law, a claim for malicious prosecution has the following elements: (1) initiation of the prior proceeding by the defendant against the plaintiff, (2) with malice and without probable cause, (3) termination of the prior proceeding in favor of plaintiff, and (4) special damages. *Brown v. Averette*, 68 N.C.App. 67, 69 (1984); *Koury v. John Meyer of Norwich*, 44 N.C.App. 392, 397 (1980); *Carver v. Lykes*, 262 N.C. 345, 351-352 (1964).

The Complaint's allegation that "there existed no probable cause for the criminal charge" (Document No. 1, ¶ 50) is entirely conclusory. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan,* 478 U.S. at 286; *Giarratano,* 521 F.3d at 302 (holding that courts need not accept legal conclusions as true for purposes of Rule 12(b)(6)). "The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Ahmed v. Porter*, 2009 WL 2581615, *9 (W.D.N.C.). Moreover, "one need not be certain that the person against whom the action is instituted will be convicted of the crime. It is necessary only that the initiator of the action have reasonable grounds to believe that the person charged is guilty of the crime." *Semones*, 106 N.C. App. at 341 (citing 52 Am Jur 2d Malicious Prosecution § 52 (1970)).

Franklin asserts a claim for damages for malicious prosecution, despite the fact that his Complaint acknowledges that he was *not arrested or prosecuted*. Franklin returned the documents to the police officer. Franklin argues that the Defendants had no probable cause to seek an arrest warrant for him, as he possessed his own "employee copies" of the DSS Form 4263. Even supposing that this were true, the Defendants point out that North Carolina law precludes plaintiffs, such as Franklin, from maintaining an action for malicious prosecution when the termination in his

favor was due to his own desire to compromise. "Where the criminal action is withdrawn or terminated by compromise brought about by [the criminal] defendant, an action for malicious prosecution based thereon, will not lie." *Alexander v. Lindsey*, 230 N.C. 663, 671 (1949) (citing *Welch v. Cheek*, 125 N.C. 353, 34 S.E. 531 (1899)). In other words, due to his own compromise, Franklin's Complaint fails to set forth all the requirements for a claim of malicious prosecution, i.e. his claim fails to indicate "termination of the prior proceeding in favor of plaintiff." Hence, Franklin's claim for malicious prosecution fails as a matter of law.

### F. Intentional Infliction of Emotional Distress

Under North Carolina law, the elements of an intentional infliction of emotional distress ("IIED") claim are: (1) extreme and outrageous conduct by the defendant, (2) which is intended to cause or recklessly does cause, (3) severe emotional distress to Plaintiff. *Guthrie v. Conroy*, 152 N.C.App. 15, 21 (2002); *Waddle v. Sparks*, 331 N.C. 73, 82 (1992); *Dickens v. Puryear*, 302 N.C. 437, 452-453 (1981); *and see, e.g., Gooden v. Town of Clarkton*, *N.C.*, 1990 WL 29198, *3 (4th Cir. (N.C)). "The tort is reserved for conduct which is utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C.App. 483, 493 (1986) (quoting Restatement (Second) Torts, § 46 comment (d) (1965)). An IIED claim also may be satisfied where a defendant is recklessly indifferent to the probability that his acts will cause severe emotional distress. *Puryear*, 302 N.C. at 452-453.

Whether the conduct alleged was intentional, and whether it was "extreme and outrageous" enough to support an IIED claim, are questions of law. *Guthrie*, 152 N.C.App. at 21. The conduct must have exceeded "all bounds usually tolerated by decent society." *Boggess v. Roper*, 2006 WL

2569206, *6 (W.D.N.C.).² The behavior must amount to more than "mere insults, indignities, and threats." *Guthrie*, 152 N.C.App. at 22. The law does not "intervene in every case where someone's feelings are hurt." *Hogan,* 340 S.E.2d at 123. In the present case, the behavior complained of by Franklin, *i.e.* county officials pursuing legal action to recover documents from a discharged employee, does not rise to the level of "extreme and outrageous conduct." This is simply not behavior that exceeds "all bounds usually tolerated by decent society." Plaintiff's Complaint fails to state the necessary elements for a claim of intentional infliction of emotional distress.

### G. Negligent Infliction of Emotional Distress

"To make out a claim for negligent infliction of emotional distress, a plaintiff must ... [allege] that the defendant was negligent, that it was foreseeable to the defendant that his negligence would cause the plaintiff severe emotional distress, and that the conduct, in fact, caused severe emotional distress." *Holleman v. Aiken*, 668 S.E.2d 579, 591 (N.C.Ct.App. 2008) (quoting *Fox-Kirk v. Hannon*, 142 N.C.App. 267, 273, *disc. review denied and dismissed*, 353 N.C. 725 (2001)). Plaintiff has not alleged any negligent conduct in his Complaint. "Negligence is the breach of a legal duty owed by defendant that proximately causes injury to plaintiff." *Guthrie v. Conroy*, 152 N.C.App. 15, 25 (2002). Similar to the Plaintiff in *Aiken*, Plaintiff does not make any specific factual allegations as to his "severe emotional distress" and relies entirely on conclusory statements. Plaintiff merely alleges in general fashion that he suffered humiliation and that his reputation is "important" to him. (Document No. 1, ¶¶ 44, 52). The Complaint fails to state a claim for negligent infliction of emotional distress.

---

²For example, North Carolina courts have found "non-consensual sexual touchings, constant suggestive remarks and on-going sexual harassment" to exceed the bounds tolerated by decent society. *See Hogan,* 340 S.E.2d at 121.

## IV. Conclusion

**IT IS, THEREFORE, RECOMMENDED** that the Defendants' "Motion To Dismiss" (Document No. 2) should be **GRANTED;** Defendant McKinney should be **DISMISSED** from this lawsuit as a party; the state law claims for civil conspiracy, abuse of process, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress should be **DISMISSED with prejudice.**

## V. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact and conclusions law and the recommendations contained herein must be filed within fourteen (14) days after service of same. Fed.R.Civ.P. 72 (amended, effective December 1, 2009). Responses to objections must be filed within fourteen (14) days after service of the objections. Failure to file objections to this Memorandum and Recommendation with the District Court will preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

Signed: December 28, 2009

David C. Keesler
United States Magistrate Judge