# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:09cv199

| | |
|---|---|
| PETER FRANKLIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>YANCEY COUNTY, ALICE ELKINS, individually )<br>and in her capacity as Director of the Yancey )<br>County Department of Social Services, )<br>DEBBIE McKINNEY, in her capacity as Director )<br>of the Yancey County Department of Social )<br>Services, and YANCEY COUNTY DEPARTMENT )<br>of SOCIAL SERVICES, )<br>)<br>Defendants. )<br>) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 2].

## PROCEDURAL HISTORY

On April 22, 2009, the Plaintiff initiated this action in state court acting in a *pro se* capacity. [Doc. 1-1]. He alleged state law claims for malicious prosecution, abuse of process, civil conspiracy, intentional and negligent infliction of emotional distress and a claim pursuant to 42 U.S.C. §1983 due to a purportedly illegal search and seizure. [Id.]. On May 22,

2009, the Defendants removed the action to this Court based on federal question jurisdiction and promptly moved to dismiss the state law claims for failure to state claims upon which relief might be granted. [Doc. 1, Doc. 2].

In the motion to dismiss, the Defendants pointed out that the complaint did not allege sufficient facts against Defendant McKinney to state any claim against her.  Defendants also argued that sufficient facts were not alleged to state claims for malicious prosecution, abuse of process, and/or intentional and negligent infliction of emotional distress as to the other Defendants.  They also claimed that the causes of action for malicious prosecution and abuse of process were insufficient as a matter of law.  The motion did not address the claim pursuant to §1983.

The Plaintiff, because he was proceeding *pro se*, was provided notice of the proper method by which he must respond to the motion. [Doc. 4].  He did, in fact, file a response. [Doc. 5].

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider this Motion and to submit recommendations for

its disposition.  On December 28, 2009, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 7] in which he recommended that the motion to dismiss be granted.  The Magistrate Judge noted in his decision that the Defendants had failed to move to dismiss the §1983 cause of action. [Id., at 3].

The parties were advised that any objections to the Magistrate Judge's conclusions and recommendations were to be filed in writing within ten days of service of the Recommendation and that failure to file objections to the Memorandum and Recommendation would preclude the parties from raising any objection on appeal. [Id., at 11].  The period within which to file objections expired on January 14, 2010 and the Plaintiff did not file objections to the Memorandum and Recommendation.  On January 6, 2010, however, the Defendants filed a "Response to Memorandum and Recommendation" in which they agreed with the Magistrate Judge's conclusions but asked the District Court to also dismiss the §1983 cause of action.

The Court concludes that the Magistrate Judge's recommendation is supported by the record and the law.  Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation.  The Defendants'

request that the District Court also dismiss the §1983 cause of action cannot be entertained. There is no motion pending as to that claim and the Court will not *sua sponte* dismiss a claim without notice to the Plaintiff who is proceeding *pro se*.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 2] is hereby **GRANTED** and Defendant McKinney is hereby **DISMISSED** as a party to this action and the Plaintiff's state law claims are hereby **DISMISSED** with prejudice.

Signed: January 19, 2010

Martin Reidinger
United States District Judge