# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:09cv199

| | |
|---|---|
| PETER FRANKLIN, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> YANCEY COUNTY, ALICE ELKINS, individually ) </br> and in her capacity as Director of the Yancey ) </br> County Department of Social Services, ) </br> DEBBIE McKINNEY, in her capacity as Director ) </br> of the Yancey County Department of Social ) </br> Services, and YANCEY COUNTY DEPARTMENT ) </br> of SOCIAL SERVICES, ) </br> ) </br> Defendants. ) </br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Judgment on the Pleadings [Doc. 12] and Motion to Stay Initial Attorney Conference [Doc. 14].

The Court finds for the reasons stated in the motion to stay that it should be granted.

The Defendants have also filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) claiming that the Plaintiff's

sole remaining claim pursuant to 42 U.S.C. §1983 fails as a matter of law. [Doc. 12]. Because the Plaintiff is proceeding *pro se*, the Court will provide instruction as to his obligation to respond to the motion and the time within which to do so. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiff is cautioned that failure to respond to the pending motion will result in its being granted in which case the remaining claim will be dismissed.

A Rule 12(c) motion for judgment on the pleadings is decided using the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Walker v. Kelly, 589 F.3d 127, 138 (4th Cir. 2009). This language means that in responding to this motion, the Plaintiff must show that he has made sufficient allegations in the complaint to support a cause of action against the Defendants which is recognized by law.

> To survive a Rule 12[c] motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (other citations omitted).

The Plaintiff is therefore advised that his complaint must contain factual

matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *citing* Twombly, supra.  A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Plaintiff is also advised that the Court may take judicial notice of matters of public record.  Philips, 572 F.3d at 179-80.  It may also consider documents attached to the complaint as well as those attached to the motion for judgment on the pleadings.  Id.

Finally, the Plaintiff is advised that his response must be filed on or before seventeen (17) days from entry of this Order and that it must also be served on all of the other parties.  The Plaintiff must include a certificate of service indicating the manner and date on which he served such parties.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Stay Initial Attorney Conference [Doc. 14] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff may file response to the Defendants' Motion for Judgment on the Pleadings [Doc. 12] on or before seventeen (17) days from entry of this Order.

Signed: January 27, 2010

Martin Reidinger
United States District Judge